United States District Court
Southern District of Texas
**ENTERED**
November 07, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN WILSON § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO: H-17-2879 |
| § | |
| LORIE DAVIS, § | |
| Director of the Texas Department § | |
| of Criminal Justice - Correctional § | |
| Institutions Division, § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

This petition for writ of habeas corpus filed under 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation (Dkt. 6). The court ordered petitioner to show cause why his petition is not time-barred (Dkt. 7). Petitioner timely responded to the show cause order (Dkt. 8). The court recommends the petition be denied with prejudice as time-barred.

## Background

John Wilson was convicted of capital murder and sentenced to life in prison in 1994. The Fourteenth Court of Appeals affirmed Wilson's conviction on April 4, 1996, and his state court petition for writ of habeas corpus was denied on January 30, 2004. Wilson filed this federal petition for writ of habeas corpus on September 19, 2017.

## Analysis

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, a petition for habeas relief filed by a person in state custody is subject to a one-year period of limitations which runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Wilson's conviction was final over 20 years ago. In his show cause response, Wilson makes conclusory allegations that his constitutional rights have been violated, but he does show any basis for tolling of his federal statute of limitations. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances.").

**Conclusion and Orders**

The court recommends that Wilson's petition for writ of habeas corpus be denied with prejudice as time-barred.

The parties have 14 days from receipt to file written objections. *See* Rule 8(b) of the Rule Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72. Failure to file written objections within that time may bar an aggrieved party from attacking the factual findings and legal conclusions on appeal, except for plain error.

Signed at Houston, Texas on November 7, 2017.

_____
Stephen Wm Smith
United States Magistrate Judge